Troy Patrick Owens, Jr.  (SBN 298649)
Law Office of Troy P. Owens, Jr.
333 H Street, Suite 5000
Chula Vista, California 91910
Tel.: (619) 551-7013, Fax: (619) 599-8181

Douglas S. Gilliland, Esq.  (SBN 157427)
THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
Tel.: (619) 878-1580, E-fax: (619) 878-6630

Attorneys for Plaintiff BRIANNA BELL

UNITED STATES DISTRICT COURT

IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIANNA BELL, an individual,<br><br>plaintiff,<br><br>v.<br><br>CITY OF LA MESA, a municipal entity, SCOTT WULFING, an individual, and DOES 1-10, inclusive,<br><br>defendants. | Case No.:  '18CV2455 BEN BLM<br><br>**COMPLAINT FOR:**<br><br>1. Excessive Force<br>42 U.S.C. § 1983<br><br>2. Bane Civil Rights Act<br>Civil Code § 52.1<br><br>3. Intentional Infliction of Emotional Distress<br><br>4. Assault and Battery |

COMES NOW, plaintiff BRIANNA BELL, an individual, by and through her attorneys of record, The Law Office of Troy Owens, Jr., by Troy Patrick Owens, Jr., and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. The United States District Court, in and for the Southern District of California, has original jurisdiction over the causes of action pled herein under 42

1

U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331.  The United States District Court, in and for the Southern District of California, has supplemental jurisdiction over the state law cause of action pled herein pursuant to 28 U.S.C. § 1367(a). Venue of this controversy is proper in the United States District Court, in and for Southern District of California, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in the Southern District of California.

## II.
## GENERAL ALLEGATIONS

2. At all times relevant to this Complaint, plaintiff BRIANNA BELL, was an individual residing in San Diego County, California.

3. At all times relevant to this Complaint, defendant CITY OF LA MESA, was a municipal corporation, incorporated in 1912, under the general laws of the state of California, which derives its municipal authority from the general laws of the state of California in respects not governed by city ordinance.

4. At all times relevant to this Complaint, defendant SCOTT WULFING was employed by the CITY OF LA MESA as a La Mesa police officer, and was an individual and a resident of San Diego County, California.

5. Plaintiff is ignorant of the true names, identities and capacities of DOES 1 through 10, inclusive.  Therefore, plaintiff sues these defendants under the fictitious designations of DOES 1 through 10.  Plaintiff will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

## III.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff BELL filed her claim for damages pursuant to California Government Code section 910 against the City of La Mesa on July 18, 2018.  The

statutory period has expired for the CITY OF LA MESA to respond and plaintiff BELL has exhausted her administrative remedies by operation of law.

## IV.

## FACTS

6. On January 18, 2018, plaintiff BRIANNA BELL was a seventeen-year-old senior at Helix High School, located at 7323 University Avenue, La Mesa, California 91942. She was not feeling well and went to the school nurse. Ms. BELL was examined for being under the influence of drugs and her purse was searched drugs. The results were negative. However, the Grade Level Principal Paula Ann Trevino found a cannister of pepper-spray in Ms. BELL's purse. Ms. BELL carried pepper-spray for her own protection travelling to and from school. Ms. Trevino then ordered Ms. BELL to leave school for having pepper-spray on campus and suspended her from school.

7. The following day, Ms. BELL went to Helix High School to meet with Ms. Trevino. The meeting was previously scheduled. Ms. BELL arrived for the meeting at the specified time. After a short period of time, Ms. Trevino ordered her to leave school grounds. Ms. BELL wanted to talk with one of her teachers before leaving the school grounds. Ms. Trevino called the La Mesa Police Department to remove Ms. BELL from campus.

8. CITY OF LA MESA police officer SCOTT WULFING responded to Helix High School. He confronted Ms. BELL and told her she could leave campus voluntarily or he would arrest her. Ms. BELL handed officer WULFING her cellular phone and held out both of her wrists so he could handcuff her.

9. Officer WULFING handcuffed Ms. BELL's arms behind her back. He put the handcuffs on painfully tight, and then he grabbed Ms. BELL's arm and angrily pulled her in the direction he wanted her to walk. Ms. BELL told officer WULFING that he was hurting her. Officer WULFING ignored Ms. BELL. After causing her pain, officer WULFING stopped and grabbed the seventeen-year-old

girl with both hands and body-slammed her into the concrete walkway at Helix High School.  He then pulled Ms. BELL to her feet by her handcuffed arms and then body-slammed her a second time onto the concrete.  Both times WULFING body-slammed Ms. BELL to the concrete walkway, the seventeen-year-old high school girl's hands were cuffed behind her back.  Video taken of the second body-slam shows Ms. BELL's upper-body hitting the concrete before her legs and torso.  She was slammed with such force that officer WULFING's body landed on top of her.  The video then shows Ms. BELL lying motionless on the concrete.

10.  Officer WULFING then arrested Ms. BELL for trespassing and resisting arrest.  The San Diego District Attorney's Office rejected the case.

11.  Ms. BELL filed her Government Code section 910 claim for damages against the CITY OF LA MESA on July 18, 2018.  That claim has been denied by operation of law and she has exhausted her administrative remedies.

## V.

## FIRST CAUSE OF ACTION

### Excessive Force – 42 U.S.C. § 1983

**[Against SCOTT WULFING, CITY OF LA MESA, and DOES 1-10]**

Plaintiff BRIANNA BELL incorporates by reference all prior allegations pled in this complaint.

12.  Defendant SCOTT WULFING, and DOES 1-10, acting under color of state law, deprived Ms. BELL of her clearly established federal constitutional right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Ms BELL.  The excessive force is evidenced by body-slamming the handcuffed seventeen-year-old teenager onto the concrete at Helix High School.  The body-slamming shown in one video was done with such force that Ms. BELL's upper body hit the ground before her lower body and officer WULFING fell on top of the teenager.  The force was used without

cause, when Ms. BELL was not an immediate threat to the safety of the officer or others, and while Ms. BELL was not resisting nor attempting to evade arrest by flight.

13. Defendant CITY OF LA MESA has created a *de facto* policy of lawlessness by failing to supervise its officers' actions against citizens. The CITY OF LA MESA had knowledge of the same or similar actions by this and other officers for which the CITY OF LA MESA routinely ignored and faied to meaningfully investigate and discipline its officers, and failed to take any meaningful action on complaints made on governmental claim forms such as the one submitted by Ms. BELL. This failure to supervise, investigate, and discipline has created lawlessness within their police force and its longstanding practice has made the conduct of defendant WULFING standard operating procedure and custom within the San Diego police department.

14. Defendant WULFING's, and DOES 1-10's, use of unreasonable and excessive force against Ms. BELL was both a cause-in-fact and proximate cause of damages to Ms. BELL, including physical pain, suffering, and emotional distress. Defendant CITY OF LA MESA's custom and practice alleged above are also both a cause-in-fact and proximate cause of damages to Ms. BELL, including physical pain, suffering, emotional distress, and emotional distress.

15. The conduct of defendant WULFING, and DOES 1-10, constituting the use of excessive force justifies the imposition of punitive damages against defendant WULFING, and DOES 1-10, to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Ms. BELL's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Ms. BELL. The conduct was oppressive because it injured and/or damaged Ms. BELL and/or violated Ms. BELL's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by

the defendants. The conduct was with a conscious disregard of Ms. BELL's rights because, under the circumstances, it reflected a complete indifference to Ms. BELL's safety or rights.

## VI.

## SECOND CAUSE OF ACTION

### The Bane Act – Civil Code § 52.1

### [Against SCOTT WULFING, and DOES 1-10]

Plaintiff BRIANNA BELL incorporates by reference all prior allegations pled in this complaint.

16. Defendants SCOTT WULFING, and DOES 1-10, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with Ms. BELL's exercise and/or enjoyment of her rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures caused by the use of objectively unreasonable and excessive force against Ms. BELL. The excessive force is evidenced by body-slamming the handcuffed seventeen-year-old teenager onto the concrete at Helix High School. The body-slamming shown in one video was done with such force that Ms. BELL's upper body hit the ground before her lower body and officer WULFING fell on top of the teenager. The force was used without cause, when Ms. BELL was not an immediate threat to the safety of the officer or others, and while Ms. BELL was not resisting nor attempting to evade arrest by flight.

17. Defendant WULFING's, and DOES 1-10's, use of unreasonable and excessive force against Ms. BELL was both a cause-in-fact and proximate cause of damages to Ms. BELL, including physical pain, suffering, and emotional distress. Defendant CITY OF LA MESA's custom and practice alleged above are also both a cause-in-fact and proximate cause of damages to Ms. BELL, including physical pain, suffering, emotional distress, and emotional distress.

COMPLAINT

18. The conduct of defendants SCOTT WULFING, and DOES 1-10, justifies the imposition of punitive damages against defendant SCOTT WULFING, and DOES 1-10, to punish them and deter them from engaging in similar conduct in the future, because their conduct was malicious, oppressive or in reckless disregard of Ms. BELL's rights. The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Ms. BELL. The conduct was oppressive because it injured or damaged Ms. BELL or violated Ms. BELL's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants. The conduct was with a conscious disregard for Ms. BELL's rights because, under the circumstances, it reflected a complete indifference to Ms BELL's safety or constitutional rights.

## VII.
## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against SCOTT WULFING, and DOES 1-10]

Plaintiff BRIANNA BELL incorporates by reference all prior allegations pled in this complaint.

19. By engaging in the conduct alleged in the factual recitation and causes of action one and two of this complaint, defendants SCOTT WULFING, and DOES 1-10, engaged in conduct that was outrageous.

20. By engaging in the conduct alleged in the factual recitation and causes of action one and two of this complaint, defendants SCOTT WULFING, and DOES 1-10 intended to cause Ms. BELL emotional distress, or acted with a reckless disregard of the probability that Ms. BELL would suffer emotional distress, knowing that Ms. BELL was present when the conduct occurred.

21. Ms. BELL suffered emotional distress and/or severe emotional distress.

///

22. The conduct of defendants SCOTT WULFING, and DOES 1-10, was a substantial factor, cause in fact, and/or proximate cause of Ms. BELL's emotional distress and/or severe emotional distress.

23. The conduct of defendants SCOTT WULFING, and DOES 1-10, constituting intentional infliction of emotional distress justifies the imposition of punitive damages against defendants SCOTT WULFING, and DOES 1-10, because it was malicious, oppressive or in reckless disregard of Ms. BELL's rights. The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Ms. BELL. The conduct was oppressive because it injured or damaged Ms. BELL or violated Ms. BELL's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants. The conduct was with a conscious disregard for Ms. BELL's rights because, under the circumstances, it reflected a complete indifference to Mr. BELL's safety or rights.

# VIII.
# FOURTH CAUSE OF ACTION
## Assault and Battery
## Against SCOTT WULFING, and DOES 1-10]

Plaintiff BRIANNA BELL incorporates by reference all prior allegations pled in this complaint.

24. Defendants SCOTT WULFING, and DOES 1-10 acted with an intent to cause harmful or offensive contact with Ms. BELL.

25. Plaintiff BELL reasonably believed that she was about to be touched in a harmful or offensive manner by defendants SCOTT WULFING, and DOES 1-10.

26. It reasonably appeared to Plaintiff BELL that defendants SCOTT WULFING, and DOES 1-10 were about to carry out the threat of harmful or offensive contact.

27. Plaintiff BELL did not consent to the harmful or offensive contact by defendants SCOTT WULFING, and DOES 1-10.

28. The harmful or offensive contact was accomplished by defendants SCOTT WULFING, and DOES 1-10, and plaintiff BELL was harmed by the harmful or offensive contact by defendants SCOTT WULFING, and DOES 1-10.

29. Defendants SCOTT WULFING, and DOES 1-105's harmful or offensive contact with Plaintiff BELL was a substantial factor, cause in fact, and/or proximate cause of harm to Plaintiff BELL.

30. The harmful and offensive contact by defendants SCOTT WULFING, and DOES 1-105 would offend a reasonable person.

31. The conduct of defendants SCOTT WULFING, and DOES 1-10 constituting assault justifies the imposition of punitive damages against defendants SCOTT WULFING, and DOES 1-10 because it was malicious, oppressive or in reckless disregard of Ms. BELL's rights.  The conduct was malicious because it was accompanied by ill will, spite or for the purpose of injuring Ms. BELL.  The conduct was oppressive because it injured or damaged Ms. BELL or violated Ms. BELL's rights with unnecessary harshness or severity, and/or it was a misuse or abuse of authority or power by these defendants.  The conduct was with a conscious disregard for Ms. BELL's rights because, under the circumstances, it reflected a complete indifference to Ms. BELL's safety or rights.

WHEREFORE plaintiff BRIANNA BELL, prays for relief as follows:

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Attorney fees pursuant to 42 U.S.C. § 1988,
4. Attorney fees pursuant to California Civil Code § 52.1(h),
5. Punitive damages against SCOTT WULFING,
6. Costs of suit incurred herein and interest; and

7. Any further equitable or legal relief that this Court deems just and appropriate.

DATED: October 25, 2018          Law Office of Troy P. Owens, Jr.

                                 s/ Troy Patrick Owen
                                 Troy Patrick Owens, Jr., co-counsel
                                 for plaintiff BRIANNA BELL

DATED: October 25, 2018          THE GILLILAND FIRM

                                 s/ Douglas S. Gilliland
                                 Douglas S. Gilliland, Esq., co-counsel
                                 for plaintiff BRIANNA BELL